**DELCHAMPS, INC., an Alabama Corporation, and Stephen McDonnell, Plaintiffs,**

v.

**ALABAMA STATE MILK CONTROL BOARD, an Agency of the State of Alabama, et al., Defendants,**

**Associated Milk Producers, Inc., Intervenor,**

**Cloverleaf Dairies, Inc., et al., Intervenors.**

**Civ. A. No. 3176–N.**

United States District Court, M. D. Alabama, N. D.

Feb. 12, 1971.

Bert S. Nettles, Mobile, Ala., and Euel A. Screws, Jr., Montgomery, Ala., for plaintiffs.

William J. Baxley, Atty. Gen. of Alabama, and George Beck, Deputy Atty. Gen., for The State of Alabama, realigned as plaintiff.

Fred C. Folsom, Cullman, Ala., for Alabama State Milk Control Board.

Charles A. Stakely, Jr. (Rushton, Stakely, Johnston & Garrett), Montgomery, Ala., for Associated Milk Producers, Inc., intervenor.

Sol E. Brinsfield, Jr., and Curtis H. Springer, Montgomery, Ala., for Cloverleaf Dairies, Inc., and another, intervenors.

Before RIVES, Circuit Judge, and JOHNSON, Chief Judge, and PITTMAN, District Judge.

### ORDER

PER CURIAM.

Attorney General William J. Baxley, successor to the party defendant MacDonald Gallion as Attorney General of Alabama, now moves this Court to allow him to amend the answer heretofore filed in this cause and to realign him as

a party plaintiff. Attorney General Baxley, by a proposed amended answer, now contends—as do the plaintiffs—that Title 22, Sections 205–231, Code of Alabama 1940, as amended, referred to generally as the Alabama Milk Control Act, is invalid and unconstitutional when measured by certain of the provisions of the Constitution of the United States.

The Alabama State Milk Control Board, through its attorney, Fred C. Folsom, moves this Court to deny the motion of Attorney General Baxley. The bases for the Milk Control Board's opposition to the Attorney General's motion are that the constitutionality of the Milk Control Act has already been determined by the Supreme Court of Alabama and that the Attorney General for the State of Alabama is charged by Alabama law, in his capacity as the State's chief legal officer, to uphold the laws of the State of Alabama and to enforce the enactments of the Alabama Legislature.

While it is true that Title 22, Section 208, requires the Attorney General of the State of Alabama to "lend such legal assistance to the board [Milk Board] as may be required" and that the Constitution of the State of Alabama of 1901, Section 137, Amendment 111, requires the Attorney General of Alabama to perform such duties as may be prescribed by law, it is also true that the Attorney General of the State of Alabama—as other attorneys general in the various states in this Union—is required by his oath of office to support and defend the Constitution of the United States of America. When and if there is a conflict between the state law and the federal law in areas where the federal law is applicable, the Supremacy Clause controls. Thus, if the Attorney General for the State of Alabama is of the opinion that certain enactments of the Alabama Legislature are clearly violative of the Constitution of the United States, this Court does not conceive that he is under any duty to attempt to defend such legislative enactments. The motion of Attorney General William J. Baxley seeking to amend and asking to be realigned as a party plaintiff is, therefore, ordered to be and the same is hereby granted.